UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DESHAWN MILES, <br><br> Petitioner <br><br> — against — <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 07-cr-00890 (ARR) <br><br> **Not for electronic or print publication** <br><br> **Opinion & Order** |

ROSS, United States District Judge:

By *pro se* petition dated July 1, 2019, petitioner, Deshawn Miles, seeks a writ of *coram nobis* to reduce his 2009 sentence for distribution of cocaine base. *See* Writ of Coram Nobis, ECF No. 362. I recently granted petitioner's motion to reduce his sentence pursuant to the First Step Act of 2018. *See* Order, ECF No. 345; Am. J. (Apr. 26, 2019), ECF No. 346. Petitioner argues, however, that I should have reduced his sentence even further, and he seeks an amended sentence of 60 months' imprisonment—a 27-month reduction below the 87-month term I recently imposed. *See* Writ of Coram Nobis 2. Because the petition does not meet the stringent standards for the issuance of the "extraordinary remedy" of a writ of *coram nobis*, *United States v. Morgan*, 346 U.S. 502, 511 (1954), I deny it in its entirety.

In order to obtain *coram nobis* relief, a petitioner must show that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (internal quotation marks and citation omitted). Relief under the writ of *coram nobis*, pursuant to the All Writs Act, 28 U.S.C. § 1651, is "strictly limited to those cases in which

1

errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 46, 78 (2d Cir. 1996). The writ is "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding . . . .'" *Carlisle v. United States*, 517 U.S. 416, 428–29 (1996) (quoting *United States v. Mayer*, 235 U.S. 55, 67–68 (1914)). If a statute "specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* (quoting *Pennsylvania Bureau of Corr. V. United States Marshals Serv.*, 474 U.S. 34, 43 (1985). Finally, the writ is traditionally used when a petitioner has already served his sentence "and is no longer 'in custody' for purposes of" a habeas petition under 28 U.S.C. § 2255. *See United States v. LaPorta*, 20 F. Supp. 2d 530, 534 (W.D.N.Y. 1998).

Petitioner raises the identical arguments he previously raised in his First Step Act motion and in his motion for reconsideration. *See* Writ of Coram Nobis; *see also* Order Denying Mot. for Recons., ECF No. 359; Order Granting Mot., ECF No. 345. Specifically, he argues that his sentence should be reduced to a 60-month term of imprisonment to reflect amendments to the sentencing guidelines that have been made since his conviction. *See* Writ of Coram Nobis 2. I thoroughly evaluated this argument and rejected it in both of my previous orders. *See* Order Denying Mot. for Recons.; Order Granting Mot. Petitioner has not identified a fundamental factual error that rendered his conviction invalid; to the contrary, he is attacking his sentence and arguing that the court "misapprehended its authority" to reduce his sentence even further. *LaPorta*, 20 F. Supp. 2d at 534. This is plainly insufficient to "warrant the use of such an extreme remedy." *Id.*

Moreover, I previously held that the First Step Act, paired with 18 U.S.C. § 3582(c)(1)(B), provided petitioner with a statutory basis to move for a reduced sentence even though he had already completed the relevant term of imprisonment. Thus, it cannot be said that petitioner has

2

no alternative remedies available for the relief he seeks—indeed, his arguments were properly raised, and evaluated by this court, twice before. Finally, though petitioner has officially completed his sentence, he remains in federal custody on a consecutive sentence, which is sufficient to satisfy the "in custody" requirement for a § 2255 petition. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). Thus, even if petitioner raised a fundamental factual error that undermined the validity of his conviction, he would have alternative remedies available to him outside of the writ of *coram nobis*.

Petitioner's arguments were considered and rejected by the court and do not constitute errors of fact that are so "fundamentally unjust" to warrant a writ of *coram nobis*. As a result, his petition is denied.

SO ORDERED.

Date: July 12, 2019 \_\_\_\_\_/s/_____
Brooklyn, New York Allyne R. Ross